UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD MERINO, et al.,

                Plaintiffs,

        - against -

BEVERAGE PLUS AMERICA CORP., et al.,

                Defendants.

**REPORT AND RECOMMENDATION**

10 Civ. 0706 (JSR) (RLE)

**To the Honorable JED S. RAKOFF, United States District Judge:**

## I. INTRODUCTION

On May 27, 2010, Plaintiffs filed their Second Amended Complaint, alleging violations of the Fair Labor Standards Act ("FLSA"), the New York Minimum Wage Act ("NYMWA"), and New York labor laws. They seek damages for the violations as well as injunctive relief barring Defendants from violating these laws in the future. On August 11, 2010, District Judge Jed S. Rakoff entered default judgment against Defendants SMC USA Corporation, Beverage Plus America Corporation, and Grand Beverage Corporation ("the Corporate Defendants"). Pending before the Court is Plaintiffs' motion for summary judgment against Defendants Yun S. Cho and Yun C. Cho ("the Individual Defendants" or "the Chos") (Doc. No. 65), as well as Plaintiffs' motion for class certification (Doc. No. 68). For the reasons which follow, I recommend that the motions be **GRANTED**,[1] that the two classes proposed by Plaintiffs be certified, and that the default judgments entered against the Corporate Defendants be applied to the Individual Defendants.

---

[1] Defendants have styled their opposition to Plaintiffs' motions as "motions to dismiss," so granting Plaintiffs' motions will also result in denials of Doc. Nos. 73 and 74, Defendants' "motions to dismiss Plaintiffs' motion for summary judgment."

## II. BACKGROUND

Defendant Yun S. Cho is the owner of Defendant SMC USA Corporation, which operated a beverage distribution business known as Beverage Plus. (Yun S. Cho Dep. 58; Yun C. Cho Dep. 191-92.) Defendant Yun C. Cho is the brother of Yun S. Cho and helped Yun S. Cho to incorporate SMC USA Corporation and run the Beverage Plus business. (Yun C. Cho. Dep. 36-38, 218.) Plaintiffs were employed by Defendants to deliver beverages from the Beverage Plus warehouse to retail clients. (*See, e.g.*, Aff. of Richard Merino ("Merino Aff.") ¶¶ 3-7.) They worked up to twelve hours in a day (*see, e.g.*, Merino Aff. ¶¶ 8-11), and were not paid overtime. (Yun S. Cho Dep. 62-68, 216-17.)

In March 2010, approximately one month after the instant lawsuit was filed, Yun S. Cho and SMC USA Corporation transferred the Beverage Plus business to Yun C. Cho and Defendant Grand Beverage Corporation, a corporation headed by Yun C. Cho. (Yun C. Cho Dep. 33-34.) Yun C. Cho and Grand Beverage Corporation did not pay Yun S. Cho or SMC USA Corporation any money for the Beverage Plus business. (Yun S. Cho Dep. 134-35; Yun C. Cho Dep. 177-79.) Except for the change in name and ownership, the business remains substantially the same. (Pls.' Statement of Material Facts ("Pls.' 56.1 Statement") ¶¶ 26-29.) Yun S. Cho continues to manage the Beverage Plus business. (*Id.* ¶ 30.)

## III. DISCUSSION

### A. Motion for Class Certification

Plaintiffs seek certification of two classes for their claims under New York's Labor Laws, a damages class to be certified under Fed. R. Civ. P. 23(b)(3), and an injunctive class to be certified pursuant to Fed. R. Civ. P. 23(b)(2). Both classes would consist of: "All persons who

work or have worked for defendants' Beverage Plus business . . . as Drivers or Helpers, for any amount of time, from January 29, 2004 to the present." (Mem. of Law in Supp. of Pls.' Mot. for Class Certification ("Class Certification Mem.") at 7.) The damages class would also include two subclasses: a Minimum Wage Subclass that would consist of: "All persons who work or have worked for defendants' Beverage Plus business . . . as Drivers or Helpers, for any amount of time, from January 29, 2004 to the present, whom defendants failed to pay the minimum wage" (*Id.*); and an Unlawful Deductions Subclass that would be comprised of: "all persons who work or have worked for defendants' Beverage Plus beverage . . . as Drivers or Helpers, for any amount of time, from January 29, 2004 to the present, from whom defendants took unlawful deductions from wages" (*Id.*).

To obtain class certification, Plaintiffs must satisfy the four requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. Fed.R.Civ.P. 23(a); *see also Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613 (1997). "[P]arties seeking class certification must [also] show that the action is maintainable under Rule 23(b)(1), (2), or (3). *Amchem*, 521 U.S. at 614. The four Rule 23 factors must be proven by a preponderance of the evidence. *Teamsters Local 445 Freight Division Pension Fund v. Bombardier, Inc.*, 564 F.3d 196, 202 (2d Cir. 2008).

### 1. Numerosity

Numerosity requires that joinder of all members of the class be impracticable. See *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir.1993). "Courts have not required evidence of exact class size or identity of class members to satisfy the numerosity requirement," *id.*, and there is no absolute or mechanical rule as to the number of class members necessary to satisfy this requirement. *See General Tel. Co. of the Northwest, Inc. v. Equal Emp't Opportunity*

*Comm'n*, 446 U.S. 318, 330 (1980). For the general damages and injunction classes, the class will consist of at least twenty employees (*see* Aff. of Maya Goodell ("Goodell Aff.") ex. 4), and Plaintiffs have offered evidence that suggests the class may be as large as 60-70 employees. (*See* Class Certification Mem. at 8-9 (summarizing evidence)). Plaintiffs demonstrate that both the Minimum Wage Subclass and the Unlawful Deductions Subclass are likely to contain thirty to thirty-five members. (*See id.* at 10, 13.) As many of the proposed class members have limited English proficiency and limited resources, it is unlikely that the individual class members would bring this lawsuit on their own because of the substantial costs of litigation and comparatively limited access to courts. As a result, the numerosity requirement is satisfied for both classes and for both subclasses. *See, e.g., Dubin v. E.F. Hutton Grp.*, No. 88 Civ. 0876, 1990 WL 105757 at *4 (S.D.N.Y. July 20, 1990) (finding a class of twenty to fifty members sufficiently numerous under Rule 23(a)).

**2. Commonality**

Commonality requires "questions of law or fact common to the class" and that the "injuries derive from a unitary course of conduct by a single system." Fed. R. Civ. P. 23(a)(2); *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997). In this action, all Plaintiffs were subject to the same pay practices (Goodell Aff., Exs. 4 & 5), and performed substantially similar duties. (Yun S. Cho Dep. 80-82; Yun C. Cho Dep. 115-18). Resolution of the case will involve the determination of common questions, such as whether Plaintiffs routinely worked greater than forty-hour weeks, and whether the Individual Defendants had any conversation with Plaintiffs about overtime pay at the time they were hired. As a result, the commonality requirement is satisfied.

### 3. Typicality

Typicality is satisfied "when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Robidoux*, 987 F.2d at 936. "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims. *Id.* at 936-37. As noted above, the named Plaintiffs were subject to substantially the same employment practices as the class, and their claims are based on the same legal theory of recovery. The typicality requirement is also met.

### 4. Adequacy of Representation

"Generally, adequacy of representation entails inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Securities Corp.*, 222 F.3d 52, 60 (2d Cir. 2000). Here there is no suggestion that the named plaintiffs are in any way antagonistic to the class, and their typicality is evidence that they will adequately represent the interests of other class members. Plaintiffs' attorneys are qualified and experienced in this sort of litigation, and have represented employees in a number of similar cases, including as class counsel. (Goodell Aff. ¶ 6 (collecting cases).) Consequently, the adequacy requirement is satisfied for both the damages class and the injunctive class.

### 5. Additional Requirements Under Rule 23(b)(3)

For the damages class and its subclasses to be certified under Rule 23(b)(3), Plaintiffs must also establish that common issues of law and fact predominate over individual issues, and that a class action is superior to other methods of litigation. The predominance inquiry "is a more

demanding criterion than the commonality inquiry under Rule 23(a)." *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002). "Class-wide issues predominate if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Id.* In the present case there are no individual issues as to liability, as liability has already been established by the default judgments against the Corporate Defendants, and individual issues as to damages will not bar class certification. *In re Visa Check/MasterMoney Antitrust Litigation*, 280 F.3d 124, 139 (2d Cir. 2001) ("Common issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damage issues.") As a result, the predominance requirement is met in this case. The superiority requirement is also met. Not only are common issues likely to be dispositive of the case, but also, as noted above, the high costs of litigation relative to Plaintiffs' economic status and likely recovery as well as some Plaintiffs' limited facility with English make it unlikely that Plaintiffs will be able to pursue individual litigation. As a result, Plaintiffs have met all of the requirements for a Rule 23(b)(3) damages class, and such a class should be certified with respect to their labor law claims.

Finally, in order for a Rule 23(b)(2) injunctive class to be certified, Plaintiffs must establish that defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Here, by establishing that Defendants applied the same pay practices and work conditions to all of their drivers and helpers, Plaintiffs have met this requirement. Therefore, the injunctive class should also be certified and Plaintiffs' motion for class certification should be **GRANTED.** The law firm of Vladeck, Waldman, Elias & Engelhard,

P.C., by Maia Goodell and Scott Michels, should be appointed as counsel.

## B. Motion for Summary Judgment

Plaintiffs move for summary judgment here on the bases of piercing the corporate veil and successor liability, which would allow them to hold the Individual Defendants liable for the default judgments already imposed upon the Corporate Defendants. *See, e.g., Robbins v. Growney*, 229 A.D.2d 356, 357 (App. Div. 1996). They do not seek summary judgment on their claims against the Individual Defendants as individuals.

### 1. Standard for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment if it determines that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Under this standard, summary judgment is proper if "viewing the record in the light most favorable to the nonmoving party, the evidence offered demonstrates that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law." *Pension Benefit Guar. Corp. v. LTV Corp.*, 875 F.2d 1008, 1015 (2d Cir. 1989) (internal quotations omitted), *rev'd on other grounds*, 496 U.S. 633 (1990). In making this determination, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are factual issues to be tried." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986). An issue of fact is "genuine" if it provides a basis for "a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate where no reasonable trier of fact could find in favor of the nonmoving party, *H. L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1011 (2d Cir. 1989), thereby "dispos[ing] of meritless claims before becoming entrenched in a frivolous

and costly trial." *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 58 (2d Cir. 1987).

The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. *See Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 572 (2d Cir. 1993) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). This burden may be met by demonstrating that there is a lack of evidence to support the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party satisfies this initial burden, the nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256. "[T]he mere existence of factual issues -- where those issues are not material to the claims before the court -- will not suffice to defeat a motion for summary judgment." *Quarles v. Gen. Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985). If the nonmoving party fails to respond by "affidavits or as otherwise provided in [Rule 56, and] set forth specific facts showing that there is a genuine issue for trial[,] . . . summary judgment, if appropriate, should be entered against [the adverse] party." Fed. R. Civ. P. 56(e)(2).

**2. There Are No Issues of Material Fact Regarding Piercing the Corporate Veil**

Plaintiffs seek to pierce the corporate veil and establish that the Individual Defendants are alter egos of the Corporate Defendants and liable for the default judgments already imposed. Federal courts determining whether a corporate veil can be pierced apply the law of the state of incorporation, in this case New York. *See Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995). In New York, plaintiffs seeking to pierce the corporate veil must establish: "(i) that the owner exercised complete domination over the corporation with respect to the transaction at issue; and (ii) that such domination was used to commit a fraud or wrong that injured the party

seeking to pierce the veil." *American Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997).

To determine whether the owner exercised complete dominion over the corporation, courts look at such factors as:

> (1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, i.e., issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arms length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own.

*Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 139 (2d Cir. 1991). It is not necessary that Plaintiffs establish each of these factors; rather, courts can focus on the factors most relevant to the case at hand. *See, e.g., Push, Inc. v. Prod. Advisors, Inc.*, No. 09 Civ. 4722 (NRB), 2010 WL 1837776 at *3 (S.D.N.Y. April 15, 2010). In order to establish that the domination was used to commit a fraud or wrong, "it is sufficient that the domination of the defendant corporation operated 'to perpetrate the violation of a positive legal duty or a dishonest or unjust act in contravention of plaintiff's legal rights.'" *Network Enterprises, Inc. v. APBA Offshore Productions, Inc.*, 427 F. Supp. 2d 463, 488 (S.D.N.Y. 2006) (quoting *Gorrill v. Icelandair/Flugleidir*, 761 F.2d 847, 853 (2d Cir. 1985).

a. Piercing the Corporate Veil Between SMC USA Corporation and Yun S. Cho

Plaintiffs have established that Yun S. Cho exercised complete dominion over SMC USA Corporation. Yun S. Cho is the sole owner and shareholder of SMC USA Corporation (Yun S.

Cho Dep. at 58), and did not observe a number of the standard corporate formalities, including formal record-keeping. (*See id.* at 26-29.) He also failed to maintain any separation between business and personal funds, choosing not to take a fixed salary, but rather taking corporate money as needed (*id.* at 130), using personal money to give loans to employees and then deducting from their wages for repayment (*id.* at 30, 68), and keeping corporate funds at his home and in his personal bank account. (*Id.* at 207-09.)

Plaintiffs have also established that Yun S. Cho used his abuse of the corporate form to commit a wrong against them. The default judgments establish the liability of the Corporate Defendants for violating federal and state wage and hour laws to Plaintiffs' detriment. Further, in transferring the Beverage Plus business from SMC USA Corporation to Grand Beverage Corporation and dissolving SMC Corporation, Yun S. Cho has attempted to remove corporate funds from the reach of Plaintiffs. *See Federal Nat. Mortg. Ass'n v. Olympia Mortg. Corp.*, 724 F. Supp. 2d 308, 320 (E.D.N.Y. 2010). Both Individual Defendants acknowledged that the lawsuit was a factor in their decision to transfer the business (*see* Yun C. Cho Dep. at 36-37; Yun S. Cho Dep. at 126), and Defendants' early attempts to assert SMC USA Corporation's dissolution as a defense to liability in this action provide further evidence of their intent in this regard. (*See* Answer to Am. Compl. ¶ 32). Accordingly, Plaintiffs have established sufficient evidence to pierce the corporate veil between SMC USA Corporation and Yun S. Cho.

### b. Piercing the Corporate Veil Between the Individual Defendants and Grand Beverage Corporation

Plaintiffs have established that Yun S. Cho and Yun C. Cho exercised complete dominion over Grand Beverage Corporation. Yun C. Cho is the sole owner and shareholder of Grand Beverage Corporation. (Yun C. Cho Dep. at 41.) While Yun S. Cho is not an owner or shareholder of Grand Beverage Corporation, under New York law an "equitable owner" may be

10

found to be an alter ego of a corporation "where the nonshareholder defendant 'exercise[s] considerable authority over [the corporation] . . . to the point of completely disregarding the corporate form and acting as though [its] assets [are] his alone to manage and distribute.'" *Freeman v. Complex Computing Co., Inc.*, 119 F.3d 1044, 1051 (2d Cir. 1997) (quoting *Lally v. Catskill Airways, Inc.*, 198 A.D.2d 643, 645(3d Dep't 1993)). Yun S. Cho continues to manage the Beverage Plus business, purportedly without pay. (*See* Pls.' 56.1 Statement ¶ 30). The Individual Defendants have not maintained a division between personal funds and Grand Beverage Corporation's business funds. Yun C. Cho has used business money to pay for personal expenses (Yun C. Cho Dep. at 233, 235-36), while monthly expenses are paid using Yun S. Cho's personal American Express card and other personal funds. (Yun S. Cho Dep. at 130, 141-42). In addition, Grand Beverage Corporation is undercapitalized, with only $11,400 in its bank account, despite doing several million dollars of business each year. (Goodell Aff., Ex. 17; Yun C. Cho Dep. at 253-54). Undercapitalization can also provide a basis for piercing the corporate veil. *See Directors Guild of America, Inc. v. Garrison Pro., Inc.*, 733 F.Supp. 755, 762 (S.D.N.Y. 1990).

    Plaintiffs have also established that the Individual Defendants are using their dominion over Grand Beverage Corporation in an attempt to remove funds from Plaintiffs' reach. As discussed above, Grand Beverage Corporation is undercapitalized. Yun C. Cho has admitted that he intends to dissolve Grand Beverage Corporation as soon as possible (Goodell Aff., Ex. 19), and Individual Defendants refused to disclose to Plaintiffs any other information about personal or corporate assets. (Yun C. Cho Dep. at 212-15; Yun S. Cho Dep. at 14-17.) As a result, Plaintiffs have established sufficient evidence to pierce the corporate veil between Individual Defendants and Grand Beverage Corporation.

### 3. There Are No Issues of Material Fact Regarding Successor Liability

Finally, Plaintiffs argue that Yun C. Cho and Grand Beverage Corporation should be held liable as successors of Yun S. Cho and SMC USA Corporation Under New York law, "[a] corporation may be held liable for the torts of its predecessor if (1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." *Schumacher v. Richards Shear Co., Inc.*, 59 N.Y.2d 239, 245, 451 N.E.2d 195, 198, 464 N.Y.S.2d 437, 440 (N.Y. 1983). Here, Plaintiffs have established that Grand Beverage Corporation is a mere continuation of SMC USA Corporation, or, in other words, that the corporation has gone through "a mere change in form without a significant change in substance." *Societe Anonyme Dauphitex v. Schoenfelder Corp.*, No. 07 Civ. 489, 2007 WL 3253592 at *6 (S.D.N.Y. Nov. 2, 2007). Plaintiff's evidence shows that the transition from SMC Corporation to Grand Beverage Corporation did not significantly change in any way the functioning of the Beverage Plus business. (Pls.' 56.1 Statement ¶¶ 25-30.) Yun C. Cho and Grand Beverage Corporation did not pay any money to Yun S. Cho and SMC USA Corporation for their acquisition of the Beverage Plus business. (Yun S. Cho Dep. 134-35; Yun C. Cho Dep. 177-79.) As described above, Plaintiffs have also shown that the transfer of the Beverage Plus business from SMC USA Corporation to Grand Beverage Corporation was entered into at least in part to avoid Defendants' potential obligations in this lawsuit. Accordingly, Plaintiffs have successfully established that Grand Beverage Corporation and Yun C. Cho should be held liable for the wrongs of SMC USA Corporation and Yun S. Cho.

## IV. CONCLUSION

For the reasons stated above, I recommend that Plaintiffs' motions for summary judgment and class certification be **GRANTED**.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340 and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**Dated: April 11, 2011**
**New York, New York**

Respectfully Submitted,

_____
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

| | |
|---|---|
| *Pro Se* Defendants:<br>Yun C. Cho and Yun S. Cho<br>5887 55th Street<br>Masteth, NY 11378 | Attorneys for Plaintiffs:<br>Maia Beth Goodell & Scott Michels<br>Vladeck, Waldman, Elias & Engelhard, P.C.<br>1501 Broadway - Suite 800<br>New York, NY 10036 |

13