UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------
Richard Merino, Dany Cux Baten,
Elias Antonio Hernandez, and
Jorge Orea Paez, individually
and on behalf of other similarly
situated,

        Plaintiffs,

        - against -

Beverage Plus America Corp.,
SMC USA Corp., Yun S. Cho,
Grand Beverage Corp., and
Yun C. Cho,

        Defendants.
----------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-25-12

10 Civ. 706 (ALC)(RLE)

**Memorandum & Order**

**ANDREW L. CARTER, JR., District Judge:**

    I.    Introduction

Plaintiffs Richard Merino, Dany Cux Baten, Elias Antonio Hernandez, Jorge Orea Paez, individually and on behalf of other similarly situated employees seek unpaid minimum wages, overtime wages, spread of hours wages, liquidated damages, and punitive and compensatory damages against Defendants Beverage Plus America Corp. ("Beverage Plus"), SMC USA Corp. ("SMC"), Chief Executive Officer of SMC and Owner of Beverage Plus, Yun S. Cho, and President of Grand Beverage Corp., Yun C. Cho. This matter was referred to the Honorable Ronald L. Ellis for an inquest on

1

damages December 8, 2011 following the entry of default judgment. For the reas ons set forth below, the Plaintiffs are awarded $928,509.97 in actual and liquidated damages, $5,000 in punitive damages, and $25,000 in compensatory damages.

## II. Background

On May 27, 2010, Plaintiffs filed their Second Amended Complaint, alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), the New York Minimum Wage Act ("NYMWA"), and New York Labor Law ("NYLL"). Plaintiffs were employed by Defendants to deliver beverages from the Beverage Plus warehouse to retail clients. (*See, e.g.*, Aff. of Richard Merino ("Merino Aff.") ¶¶ 3-7.) They worked up to twelve hours in a day (*see, e.g., Id.* at ¶¶ 8-11), and were not paid overtime. (Yun S. Cho Dep. 62-68, 216-17.)

On August 11, 2010, the Court entered default judgment against Defendants SMC, Beverage Plus, and Grand Beverage Corporation (collectively "the Corporate Defendants"). Plaintiffs then filed a motion for summary judgment against Yun S. Cho and Yun C. Cho ("the Individual Defendants" or "the Chos") (Docket # 65), as well as a motion for class certification (Docket # 68), seeking to certify a damages class and an injunctive class that would both consist of "[a]ll persons who work or have worked for defendants' Beverage Plus business . . . as Drivers or Helpers, for any amount of time, from January 29, 2004 to the present."

(Mem. of Law in Supp. of Pls.' Mot. for Class Certification ("Class Certification Mem.") at 7.) On August 23, 2011, the Court granted Plaintiffs' motion for summary judgment, establishing that the Individual Defendants Yun S. Cho and Yun C. Cho should be held liable for the default judgment already imposed upon the Corporate Defendants, and granting Plaintiffs' motion for class certification. (Docket # 86).

### III. Discussion

*A. Standard for Default Judgment*

"Where, as here, 'the court determines that [the] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Mendez v. Nooch, Inc.*, 2009 WL 666771, at *1 (S.D.N.Y. Mar. 6, 2009) (quoting *Lin v. Hayashi Ya II, Inc.*, 2009 WL 289653, at * 1 (S.D.N.Y. Jan. 30, 2009)). The District Court must conduct an inquest in order to determine the amount of damages with reasonable certainty, and it may make such determination "as long as it [has] ensured that there is a basis for the damages specified in the default judgment." *TMS Entm't Ltd. v. Madison Green Entm't Sales, Inc.*, 2005 WL 2063786, at *2 (S.D.N.Y. Aug. 16, 2005) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). Accordingly, the Court may rely on Plaintiffs'

affidavits in determining the reasonableness of the damages requested. *Id.*

*B. Computation of Damages*

   1. FLSA

Under the FLSA, employees are entitled to recover "the amount of their unpaid minimum wages, [and/] or their unpaid overtime compensation" and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (2008); *see also Gurung v Malhotra*, 851 F Supp 2d 583, 592 (S.D.N.Y. 2012); *Grochowski v Ajet Const. Corp.*, 8 Wage & Hour Cas 2d (BNA) 583 (S.D.N.Y. Aug. 16, 2000) *affd sub nom. Grochowski v Phoenix Const.*, 318 F3d 80 (2d Cir. 2003)(FLSA allows employees whose rights were violated to sue for the recovery of unpaid minimum wages and liquidated damages in an amount equal to the unpaid minimum wages).

Unpaid overtime wages are calculated by multiplying the number of weeks worked by the overtime hours worked per week, and multiplying that total by one and a half times the regular hourly rate. *Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc.*, 2010 WL 4159391 (S.D.N.Y. Sept. 30, 2010). Liquidated damages under the FLSA are one hundred percent of the sum of the unpaid minimum and overtime wages. *Lanzetta v. Florio's Enterprises, Inc.*, 763 F. Supp. 2d 615, 624 (S.D.N.Y. 2011) (FLSA accords liquidated damages equal to 100 percent the wages due); *Dong v. Ng*, 2011 WL 2150544 (S.D.N.Y. Mar. 8, 2011) (a plaintiff may

4

receive a liquidated-damages award of 100 percent of unpaid wages under the FLSA). The employer bears the burden of establishing that liquidated damages should not be awarded. *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997). Where a default judgment has been entered by the court, a presumption of good faith is void. *See, e.g., Boyke v. Superior Credit Corp.*, 2006 WL 3833544, at *8 (N.D.N.Y. Dec. 28, 2006) ("Since defendant has admitted all of the allegations of the complaint by virtue of its default, the court cannot find good faith because this admission means that defendant has acknowledged violating the FLSA."); *Pineda v Masonry Const., Inc.*, 831 F Supp 2d 666, 671 (S.D.N.Y. 2011) (Defendants' default results in a finding that they willfully violated state and federal labor laws).

2. New York Labor Law

Under New York labor law ("NYLL"), an employee is entitled to recover unpaid minimum wages and overtime, in addition to unpaid spread of hours pay. 12 N.Y.C.R.R. §§ 142-2.2, 2.4 (2010); *see also Franklin v. Breton Intern, Inc.*, 2006 WL 3591949, at *4 (S.D.N.Y. 2006) (spread of hours pay only applies to minimum wage workers who are entitled to an additional hour's pay at the "'basic minimum hourly wage rate' for any day where the spread of hours in a day exceeds ten hours.") (*citing Chan v. Triple 8*

5

*Palace, Inc.*, 2006 WL 851749, at *21 (S.D.N.Y. Mar. 30, 2006)). New York law provides for liquidated damages of the total amount of the wages found to be due, if the employer's underpayments were willful. N.Y. Lab. Law §§ 198(1-a), 663(1) (McKinney 2009). "A violation of the New York Labor Law is willful ... where the employer 'knowingly, deliberately, [or] voluntarily' disregards its obligation to pay wages." *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 313 (E.D.N.Y. 2009) *citing Ayres v. 127 Restaurant Corp.*, 12 F.Supp.2d 305, 309 (S.D.N.Y. 1998); *see also Pereira v. J. Sisters Hair Care Productions, Inc.*, 2010 WL 2194808 (S.D.N.Y. Apr. 5, 2010) (Under New York labor law, willfulness is established where employers voluntarily underpay employees); *Moon v. Kwon*, 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002). This standard is not appreciably different than the FLSA standard. *Moon, 248* F. Supp at 235.

3. Actual and Liquidated Damages

   i. New York Labor Law

Defendants voluntarily underpaid Plaintiffs. Their actions were therefore willful and Plaintiffs may receive New York's liquidated damage award in addition to the unpaid spread of hours wages. N.Y. Lab. L. § 198(1-a).

Plaintiffs contend that they are entitled to liquidated damages in the amount of 100 percent of their unpaid wages under

6

the New York Wage Theft Protection Act ("Wage Act") NYLL § 663(1), as the statute was amended effective April 9, 2011. Although Plaintiffs' claims relate to their employment prior to April 2011, they cite *Ji v. Belle World Beauty* for support for the contention that the amendment should be applied retroactively. 2011 N.Y. Misc. LEXIS 5032, at *6 (Sup. Ct. N.Y. Cnty. Aug. 24, 2011). Courts in this District who have considered the question of Section 663's retroactivity, however, have determined that it should not be applied retroactively, in part because the statute is silent with respect to retroactivity. *See, e.g., Maldonado v. La Nueva Rampa, Inc.*, 2012 WL 1669341, 31-33 (S.D.N.Y. May 14, 2012); *McLean v. Garage Mgmt. Corp.*, 2012 WL 1358739, at *9-10 (S.D.N.Y. Apr. 19, 2012) (looking to legislative history and terms of statute); *Benavidez v. Plaza Mex. Inc.*, 2012 WL 500428, at *8-9 (S.D.N.Y. Feb. 15, 2012) (acknowledging but declining to adopt *Ji*) (citations omitted); *Chenensky v. New York Life Ins. Co.*, 2012 WL 234374, at *2-3 (S.D.N.Y. Jan. 10, 2012) (citations omitted). For the reasons provided in those decisions, NYLL's liquidated damages provisions will be applied as they existed at the time of Defendants' violations; thus, Plaintiffs' claims are limited to 25 percent of the amounts owed.

    ii. FLSA

7

The courts in this Circuit are split as to whether a plaintiff may recover both federal and state liquidated damages for the same overtime violation. *Li Ping Fu v. Pop Art Int'l Inc.*, 2011 WL 4552436 at *4 (S.D.N.Y. Sept. 19, 2011). Most courts in this Circuit hold that a plaintiff may recover both forms of liquidated damages because the FLSA's damages are meant to be compensatory, while the state damages are meant to be punitive. *See, e.g., Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc.*, 2010 WL 4159391, at *5 ("Both the FLSA and the Labor Law provide for the payment of liquidated damages in appropriate circumstances to employees who have been denied payment of minimum wages or overtime."). Under the FLSA, liquidated damages are compensatory, rather than punitive. "In contrast, liquidated damages under the Labor Law are punitive 'to deter an employer's willful withholding of wages due.'" *Id.* citing *Reilly v. NatWest Mkts. Group Inc.*, 181 F.3d 253, 265 (2d Cir. 1999). "Because liquidated damages under the FLSA and the Labor Law serve fundamentally different purposes, a plaintiff may recover liquidated damages under both the FLSA and the Labor Law." *Id.* citing *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 261-62 (S.D.N.Y. 2008). In accordance with the majority of Courts in this Circuit, the Plaintiffs may recover under both federal and state labor laws.

### iii. Calculation of Damages

Plaintiffs' counsel calculated the class damages using the employee records as a representative sample. Based on these records, counsel determined damages based on the average income of the workers and the average number of hours worked. When no adequate records exist, plaintiffs can rely on their recollection or on a cumulative sample based on existing records. *See, e.g., Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58 (2d Cir. 1997); *Kim v. 167 Nail Plaza*, 2008 WL 906736, at *3; *see also Johnson v. Brennan*, 2011 WL 4357376, at *3 (S.D.N.Y. Sept. 16, 2011) (approving a class settlement based on a representative sample of employee pay records).

With respect to the class, the average amount of hours worked by workers was 10.35 hours a day for five days a week, which averages 51.75 hours a week. Affirmation of Maia Goodell, Ex. 15 (Oct. 14, 2011). Plaintiffs assume there were six workers at all times, with an additional two each summer, and that they worked an average of fifty weeks per year. Plaintiffs calculated damages based on records that approximately half of the workers earned $495 per week and another half earned approximately $390 per week. Based on these calculations, the class members are entitled to $442,572 in unpaid overtime,

9

spread of hours pay, and unlawful deductions under the NYLL.[1] Their NYLL liquidated damages are $110,642.89. The class members are therefore due $553,214.47 in damages.

With respect to the named and opt-in Plaintiffs, Plaintiffs are owed: (1) $169,381.42 to Merino ($114,381.42 in unpaid wages, spread of hours, and liquidated damages plus $30,000 in compensatory and punitive damages); (2) $23,783.91 to Baten; (3) $63,320.36 to Paez; (4) $23,444.81 to Hernandez; (5) $38,183.06 to Mantilla; (6) $48,183.50 to Vasquez; (7) $3,008.28 to Morales; and (8) $5,990.16 to Aguilar. As noted above, Plaintiffs are also awarded an additional $553,214.47 to be split among the class members.

Plaintiffs' request that Defendants pay the full amount of damages into an escrow account is granted. Class counsel should then distribute the funds to class claimants who file a Notice of Claim form (Docket # 91). Any remaining funds should be distributed cy pres to an organization that advocates on behalf of low wage workers. *See Masters v. Wilhemina Model Agency, Inc.*, 473 F.3d 423 (2d Cir. 2007) (allowing cy pres distribution in class action when it is not economically feasible to distribute funds to class members or when there are unclaimed funds).

---

[1] This number accounts for the deduction of unpaid overtime, spread of hours pay, and unlawful deductions for the named and opt-in Plaintiffs.

10

*C. Retaliation*

Merino alleges that Defendants reduced his wages and later terminated his employment in retaliation for filing this lawsuit. Therefore, the court will accept Merino's allegations of retaliation as true, since they are consistent with the facts found by this Court. Merino requests $100,000 in compensatory damages and $250,000 in punitive damages for Defendants' retaliation in violation of NYLL § 215.

1. Compensatory Damages

Merino seeks $100,000 in compensatory damages for emotional pain, suffering, mental anguish, and loss of enjoyment of life. A claim of emotional distress does not require expert testimony nor proof of expenses, lost earnings, or specifically measurable damage. While the Second Circuit has noted that "liquidated damages under the FLSA are considered compensatory," damages for pain and suffering and emotional distress remain available since they constitute a separate injury from the failure to pay actual damages to the Plaintiffs. *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997).

Merino states that after he was fired, he became depressed and tired, and that he lacked motivation or desire to get out of bed. He was unable to send his mother money in Mexico and became "constantly stressed and unable to sleep because he was worried about how he would support himself." Class

11

Certification Mem. 19. Although the Second Circuit has not yet addressed the "scope of available remedies under the FLSA, at least two circuits have interpreted the relief to include compensatory, punitive, and emotional distress damages." *Lai v. Eastpoint Int'l, Inc.*, 2002 WL 265148, at *1 (S.D.N.Y. Feb. 22, 2002) (*referencing Williamson v. General Dynamics Corp.*, 208 F.3d 1144, 1153 (9th Cir. 2000); *Moskowitz v. Trustees of Purdue Univ.*, 5 F.3d 279, 284 (7th Cir. 1993)). While Merino does not have to submit specific measures of proof of his suffering, he fails to provide any showing to support his claims of emotional distress and pain and suffering. *See Lai*, 2002 WL 265148, at *1 (awarding plaintiff $40,181 in compensatory damages under FLSA after plaintiff submitted evidence showing psychological evaluation and treatment). Based on the claims presented on their face, the Court awards Merino $25,000 in compensatory damages.

2. Punitive Damages

Merino requests $250,000 in punitive damages for Defendants' retaliation. Juries have generally awarded plaintiffs between $5,000 and $30,000 in retaliation cases. *See, e.g., Fowler v. New York Transit Auth.*, 2001 WL 83228, at *13 (S.D.N.Y. Jan. 31, 2001); *Perez v. Jasper Trading, Inc.*, 2007 WL 4441062, at *9 (E.D.N.Y. Dec. 17, 2007) ("The court has reviewed a number of employment related cases [under FLSA] with

evidence of emotional distress similar to that offered by the plaintiffs, and in those cases the awards usually range from $5,000 to $30,000"). Accordingly, the Court recommends Merino receive $5,000 in punitive damages. *See Ting Yao Lin v. Hayashi Ya II, Inc.*, 2009 WL 289653 (S.D.N.Y. Jan. 30, 2009) (awarding $5,000 in punitive damages under similar circumstances where a default had been granted and plaintiffs alleged similar violations of federal and state labor laws).

## IV. Conclusion

For the reasons set forth above, the Court awards Plaintiffs $928,509.97 in actual and liquidated damages, $5,000 in punitive damages, and $25,000 in compensatory damages. The Clerk of Court shall enter judgment accordingly.

Dated:   New York, New York
         September 25, 2012

SO ORDERED.

_____
ANDREW L. CARTER, JR.
United States District Judge